UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
YEILEN NUNEZ QUINTERO

Debtor.
_________________________________/

Case No. 16-22662-AJC
Chapter 7

**MOTION FOR RELIEF FROM STAY**

**Any interested party who fails to file and serve a written response to this motion within fourteen (14) calendar days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Secured Creditor, SPACE COAST CREDIT UNION (hereinafter, "Space Coast"), by and through undersigned counsel, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and S.D.Fla.L.R.4001-1, and in support thereof states as follows:

1. On September 14, 2016 ("Petition Date"), the Debtor, YEILEN NUNEZ QUINTERO ("Debtor"), filed a voluntary petition for relief under Chapter 7, of the United States Bankruptcy Code.

2. Space Coast is the owner and holder of a valid security interest in the form of a Note and Loan Agreement for the purchase of a vehicle owned by the Debtor, YEILEN NUNEZ QUINTERO, more particularly described as a 2012 Mercedes GL 550 VIN# 4JGBF8GE3CA777144 (the "Vehicle"). A copy of the Retail Installment Sale Contract/Security Agreement, along with the title information from the Florida Department of Motor Vehicle naming Space Coast Credit Union as first lien holder (collectively, "Loan Documents"), is attached hereto as **Exhibit "A."**

3. According to Space Coast's books and records, the Debtor defaulted under the Loan Documents by failing to make the July 24, 2016 payment and all scheduled payments thereafter.

4. As of the Petition Date, the amount due and owing is $1,699.50 (not inclusive of attorney's fees and costs) and interest continues to accrue on this post-petition at $5.11 per day, as more particularly set forth in the Affidavit of Indebtedness attached hereto as **Exhibit "B."**

5. The Manheim average auction value for the Vehicle in average condition is $29,679.00 as of September 2016, a copy of which is attached hereto as **Exhibit "C."** Based on the valuation obtained by Space Coast Credit Union, the Debtor likely has no equity in the Vehicle.

6. The Debtor filed a Chapter 7 Voluntary Petition ("Petition) [D.E. 1, p. 48] which proposes that the Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.

7. Space Coast moves for relief from stay under 11 U.S.C. § 362(d) to enforce its rights against the collateral. Section 362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). It is undisputed that the "concept of adequate protection is intended to protect a creditor's interest in collateral." *In re Dunes Casino Hotel*, 69 B.R. 784, 793 (Bankr.D.N.J.1986); *see also In re Gallegos Research Group*, 193 B.R. 577, 584 (Bankr.D.Colo.1995) (holding that adequate protection means that "the value of [a] creditor's interest in the collateral must be protected from diminution while the property is being used or retained in the bankruptcy case").

8. The Debtor's failure to make regular payments as they become due constitutes sufficient "cause" to lift the automatic stay. *In re Heath,* 79 B.R. 616, 617 (Bankr.E.D.Pa.1987); *see also In re Davis,* 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986); *In re Taylor,* 151 B.R. 646, 648 (E.D.N.Y.1993). "This is particularly true where a Debtors lacks the willingness; the current means; or a realistic, near-present ability to make contractual payments to the secured creditor." *In re Schuessler*, 386 B.R. 458, 481 (Bankr.S.D.N.Y.2008). Where the Debtors lacks equity in a vehicle, is unable to repay the debt to the creditor, or there is an absence of any present prospects of

repayment, the creditor is without adequate protection of its interest in the collateral and has a right to stay relief. *In re First Nat'l Bank of Homestead*, 9 B.R. 641, 642 (Bankr.S.D.Fla.1981).

9. Accordingly, as such circumstances constitute cause within the meaning of Section 362(d)(1), Space Coast is entitled to take possession of and auction its collateral to recover the amounts set forth in the Affidavit of Indebtedness attached as **Exhibit "B."**

**WHEREFORE**, for the reasons more particularly stated herein, Space Coast Credit Union respectfully requests the Court enter an Order granting Space Coast relief from the automatic stay under 11 U.S.C. § 362(a) so it may pursue its *in rem* rights against its collateral, and for such other and further relief as is just and proper.

Dated: October 21, 2016

**BLAXBERG, GRAYSON, KUKOFF & FORTEZA, P.A.**
*Attorneys for Space Coast Credit Union*
25 SE Second Avenue, Suite 730
Miami, Florida 33131
Phone: (305) 381-7979 x 333
Fax: (305) 371-6816
E-mail: Isabel.colleran@blaxgray.com
By: /s/ Isabel V. Colleran
Isabel V. Colleran, Esq.
Fla. Bar No: 450472